**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**DAVID LUDWICK,**

***Petitioner/Plaintiff,***

**v.** **Case No. SA-21-CV-0786-JKP**

**MERIT SYSTEMS PROTECTION BOARD,**

***Respondent/Defendant.***

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss (ECF No. 12) filed by Respondent-Defendant Merit Systems Protection Board ("MSPB" or "the Board") pursuant to Fed. R. Civ. P. 12(b)(6). With the filing of Petitioner-Plaintiff's response (ECF No. 15) and the Board's reply (ECF No. 16), the motion is ripe and ready for ruling. For the reasons that follow, the Court grants the motion.

## I. BACKGROUND[1]

Under the authority of 38 U.S.C. § 714, the Department of Veterans Affairs ("VA") terminated Ludwick's employment effective September 25, 2020. ECF No. 1 at 80. Ludwick appealed his termination to the MSPB on October 31, 2020. *Id*. at 81.

On January 19, 2021, after a prehearing conference, the Board summarized the issues as: (1) whether Ludwick had carried his burden to show by a preponderance of the evidence that he timely filed his appeal or that "equitable tolling should be applied to waive the filing deadline"; (2) whether the agency has carried its burden to show that its employment decision is supported by substantial evidence; and (3) whether Ludwick has carried his burden to show his affirmative

[1] As discussed more in the body of this Memorandum Opinion and Order, this case arrived in this Court through an order of transfer from the Federal Circuit. *See* ECF No. 1. The Court takes much of the background from the administrative record attached to the transfer order. Given the substantial attachments to ECF No. 1 (274 pages), the Court cites to the page number assigned by the Court's electronic filing system.

defenses of disability discrimination and harmful procedural error. *Id*. at 119.

On March 4, 2021, the Board dismissed Ludwick's appeal "as untimely with no basis for equitable tolling." *See id.* at 13, 80 (the administrative record contains the dismissal as an attachment to the petition filed in the Federal Circuit and as issued as a stand-alone order). It notified Ludwick: "This initial decision will become final on **April 8, 2021**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board." *Id*. at 19. Because Ludwick did not file a petition for review with the MSPB, the March 4, 2021 initial decision became final on April 8, 2021.

The Federal Circuit docketed a petition for review from Ludwick on April 28, 2021.[2] *Id*. at 4, 8. The appellate docket sheet shows that the court received the petition on April 19, 2021. *Id*. at 7. And the filing itself reflects that receipt date. *See id*. at 12. The filed petition includes a signature date of April 5, 2021, and indicates that Ludwick petitions to review the Board's initial decision "entered April 8, 2021," received by Ludwick on March 4, 2021. *See id*.

Through his petition filed with the Federal Circuit, Ludwick argued that his adverse employment action was attributable to discrimination. *See id*. at 59-60. More particularly, he claimed that he was discriminated against "for mental disability" and depressive disorder diagnosis. *Id*. at 60. At that time, he had neither filed a discrimination case in a United States District Court nor pursued a discrimination case with the Equal Employment Opportunity Commission ("EEOC"). *Id*. He affirmatively stated that he did not wish to abandon his discrimination claims. *Id*. at 61. In his informal brief before the Federal Circuit, Ludwick identified the issues for review as whether he timely appealed to the MSPB and whether "equitable tolling should be applied to waive the

[2] Notably, whether commenced as a petition for review filed with the Federal Circuit or as a mixed case, Ludwick timely filed it. *See* 5 U.S.C. §§ 7703(b)(1)(A) (sixty-day period to file petition for review with Federal Circuit), 7703(b)(2) (thirty-day period to file cases alleging discrimination). Thus, while the Fifth Circuit has noted that § 7703(b)(2)'s time bar might be jurisdictional, *see Punch v. Bridenstine*, 945 F.3d 322, 332-33 (5th Cir. 2019), this case presents no issue as to jurisdiction.

filing fee deadline." *Id*. at 77. He contended that the Administrative Judge failed to consider his permanent mental disabilities. *Id*. at 78. As relief, he sought remand for consideration of the merits of his appeal. *Id*.

This case arrived in this Court on August 20, 2021, by way of transfer from the Federal Circuit. *See id*. at 2-3. As explained by the Federal Circuit, because "David D. Ludwick continues to pursue claims of discrimination in this petition for review of the decision of the Merit Systems Protection Board, this matter should be transferred to the United States District Court for the Western District of Texas." *See id*. at 2 (citing 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1985 (2017)). Under the rubric of *Perry*, this is a "mixed case" in that Ludwick

> complains of a serious adverse employment action taken against him, one falling within the compass of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., and attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws.

*See* 137 S. Ct. at 1979.

In *Kloeckner v. Solis*, 568 U.S. 41, 50 (2012), the Supreme Court "held, the proper review forum is . . . the district court when the MSPB dismisses a mixed case on procedural grounds, [such as a] failure to meet a deadline for Board review set by the MSPB." *Perry*, 137 S. Ct. at 1979. In *Perry*, the Supreme Court extended that holding "when the MSPB types its dismissal of a mixed case as 'jurisdictional.'" *Id*.

The dismissal for untimeliness falls within the realm of procedural dismissals addressed in *Kloeckner*. In January 2022, the assigned Magistrate Judge granted Ludwick permission to proceed in forma pauperis in this case and appointed counsel to represent him. *See* ECF No. 7. The Magistrate Judge also stated that, should he desire to do so, Ludwick could amend his complaint without leave of court prior to serving MSPB. *Id*. at 6 n.5.

On March 2, 2022, appointed counsel filed an Amended Complaint (ECF No. 9) naming Ludwick as Plaintiff and MSPB as Defendant. Ludwick contends that under 38 U.S.C. § 714(c)(4),

he is entitled to appeal his termination from employment with the VA to the MSPB. ECF No. 9 ¶ 1. He concedes that he did not appeal to the Board until October 31, 2020. *Id*. ¶ 17. He alleges that after the Board dismissed the appeal as untimely on March 4, 2021, he appealed to the Federal Circuit on April 5, 2021. *Id*. ¶¶ 18-19.

Ludwick identifies the same two merit-based issues that the Board identified in its summary. *Compare id*. ¶ 2 *with* ECF No. 1 at 119. He agrees that this is a mixed case with jurisdiction proper in the federal district court. ECF No. 9 ¶¶ 3, 20. He presents two claims through his amended complaint: (1) review and reversal of the Board's procedural dismissal for untimeliness and (2) his employer violated the Rehabilitation Act by failing to provide reasonable accommodations and terminating his employment because of his disability. *Id*. ¶¶ 21-23. As relief, Ludwick seeks a judgment (a) finding that "there is sufficient evidence to support equitable tolling of the deadline to file the appeal and reinstating [his] appeal for consideration of the merits by the MSPB," (b) declaring the VA's acts and practices as violative of the Rehabilitation Act, and (c) awarding costs and attorney fees. *Id*. at 4.

MSPB responded to the amended complaint with its motion to dismiss. The motion is fully briefed.

## II. MIXED CASES UNDER THE CSRA

No one disputes that this is a mixed case under the Civil Service Reform Act. "The CSRA 'establishes a framework for evaluating personnel actions taken against federal employees.'" *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1980 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). The Fifth Circuit has recognized that, "[w]hen a federal employee challenges an adverse employment action, such as termination, a 'complicated tapestry' of statutes and regulations governs her claim." *Punch v. Bridenstine*, 945 F.3d 322, 324 (5th Cir. 2019) (quoting *Butler v. West*, 164 F.3d 634, 637 (D.C. Cir. 1999)). While the Fifth Circuit viewed "the better metaphor [a]s a road," it recognized that "this trip is not for the easily carsick." *Id*.

For mixed cases under the CSRA, the procedures differ from actions that either lack a discrimination component or proceed as a stand-alone discrimination action. *Perry,* 137 S. Ct. at 1980. And mixed cases provide employees "diverse procedural routes," including (1) pursuing agency administrative proceedings followed by an MSPB appeal or bypassing further administrative review before the MSPB and proceeding directly to district court or (2) bringing a mixed case "directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges." *Id*. (quoting *Kloeckner*, 568 U.S. at 45).

For mixed cases, 5 U.S.C. § 7702 provides relevant appellate procedures. And § 7702(a)(1) states that, for cases where the appellant bypasses agency review, the Board "decide[s] both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures" set out in § 7701. "Section 7702(a)(2) similarly authorizes a mixed-case appeal to the MSPB from an agency EEO office's decision." *Perry,* 137 S. Ct. at 1981. And, when "the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice" to either "request additional administrative process, this time with the EEOC, or . . . seek judicial review" before a district court. *Id*. (quoting *Kloeckner*, 568 U.S. at 45).

In discussing these relevant procedures, the Fifth Circuit has recognized that federal "employees face a series of mutually exclusive paths to bring a 'mixed case.'" *See Punch*, 945 F.3d at 324. It has identified the initial crossroads for federal employees as choosing between an MSPB appeal (Option 1) and an EEOC complaint (Option 2). *See id.* at 328. And like the employee in *Punch*, Ludwick chose Option 1, i.e., to pursue his mixed case before the MSPB. According to the Fifth Circuit, after the Board's rejection of the mixed case, Ludwick "*could* have sought review in federal district court (Option 1.B.i)," but at that point, he would have no recourse to return "to the first fork in the road and choose Option 2 by filing an EEO complaint." *See id* at 328-29. The choice of Option 1 requires the employee "to follow that road to the end" and "[t]here are no U-turns." *Id*. at 329.

This U-turn prohibition does not mean that the employee loses the option to pursue administrative proceedings through the agency. Both *Perry* and *Kloeckner* recognize a federal employee's choice to pursue the EEOC administrative process after an adverse Board decision. *See Perry*, 137 S. Ct. at 1981; *Kloeckner*, 568 U.S. at 45. While there are no U-turns on the road to judicial review, a Board's rejection of a mixed case opens a forked exit to either loop back to agency review of the mixed case or proceed directly to judicial review. In other words, once the Board rejected the mixed case, Ludwick faced "a second crossroads," where he may (1) decide to drop his "mixed case and pursue[] only the CSRA claim before the Federal Circuit (Option 1.A); (2) pursue his "mixed case in federal district court (Option 1.B.i)"; or pursue his "mixed case in the EEOC (Option 1.B.ii)." 945 F.3d at 329. Federal law permits federal employees "to pick only one of these options." *Id.*

Ludwick purported to pursue Option 1.A but refused to drop his discrimination claim. Because he filed his mixed case in the Federal Circuit while refusing to drop his discrimination claim, the Federal Circuit used 28 U.S.C. § 1631 to transfer the matter to this Court.[3] Consequently, although Ludwick veered his appeal towards the Federal Circuit, that road was closed by his refusal to drop his discrimination claim. But Ludwick's appeal did not meet a dead end at that point. Instead, the Federal Circuit detoured Ludwick's mixed case to this Court. Thus, while Ludwick did not take a direct route to this Court, his mixed case ultimately arrived at its proper destination.

Section "7703(b) designates the proper forum for judicial review of MSPB decisions." *Perry*, 137 S. Ct. at 1981. In short, federal employees who claim "that an agency action appealable to the MSPB violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial

[3] Section 1631 permits courts to transfer civil actions, including petitions for review of administrative action, to cure a jurisdictional defect. Upon finding "a want of jurisdiction," the transferring court "shall, if it is in the interests of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed."

review in district court, not in the Federal Circuit." *Kloeckner*, 568 U.S. at 56. And it does not matter "whether the MSPB decided [the] case on procedural grounds or instead on the merits," *id*., or even on jurisdictional grounds, *Perry*, 137 S. Ct. at 1979.

Here, Ludwick proceeded directly to the MSPB without engaging any agency administrative review. After the procedural dismissal, he chose to pursue judicial review rather than pursue his mixed case before the EEOC. Judicial review is properly in the district courts. And, given the facts of the case, the matter is properly before this Court.

## III. STANDARD OF REVIEW

Defendant brings its motion pursuant to Fed. R. Civ. P. 12(b)(6), and claims that Ludwick has failed to properly exhaust his administrative remedies, the MSPB is not a proper party to this action, and the Court should uphold the Board's decision. *See* ECF No. 12 at 2-5. As to upholding the decision, it relies on 38 U.S.C. § 7642(f)(2) as setting the standard for reversing its decision. *See id*. at 5. In response, Ludwick relies on 5 U.S.C. § 7703(c) as providing the appropriate standard of review. *See* ECF No. 15 at 2.

The Court is uncertain about the reference to § 7642(f)(2), but both parties provide the same standard – their statutory citations simply differ. Section 7703(c) provides in full:

> In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--
>
> > (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > (2) obtained without procedures required by law, rule, or regulation having been followed; or
> >
> > (3) unsupported by substantial evidence;
>
> except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

By its terms, the applicability of this statutory provision appears to be limited to the Federal

Circuit. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1990 (2017) (Gorsuch, J., dissenting). But the majority opinion in *Perry* makes clear that judicial review of mixed cases is available in the district courts. *See id*. at 1985. The majority opinion reads the except clause of § 7703(c) as precluding the Federal Circuit from adjudicating discrimination claims – instead preserving the right to trial de novo of the facts before the reviewing court, which for mixed cases is the district court. *Id*. at 1983. Thus, under *Perry* and its predecessor, *Kloeckner*, § 7703(c) provides the standard for judicial review.

Section 7703(c) provides a "deferential, APA-style standard of review familiar to administrative law." *Perry*, 137 S. Ct. at 1988 (Gorsuch, J., dissenting). But for discriminations cases subject to the except clause of § 7703(c), "district courts are instructed to engage in *de novo* fact-finding . . . not APA-style judicial review, just as they would in any other discrimination lawsuit." *Id*. at 1989 (Gorsuch, J., dissenting). Although Justice Gorsuch dissented in *Perry*, nothing in the majority opinion detracts from these principles of law. The majority and dissenting opinions do not disagree about these principles.

Two other matters warrant brief comment for purposes of clarification. First, federal agencies apply a preponderance of the evidence standard of proof in making their initial disciplinary decisions. *Bannister v. Dep't of Vet. Affairs,* 26 F.4th 1340, 1342 (Fed. Cir. 2022). And when, as here, the VA utilizes the expedited procedures of 38 U.S.C. § 714, administrative judges and the Board apply a substantial-evidence standard of review. *See id*. at 1342-43. But even when the VA uses the expedited provisions of § 714, § 7703(c) provides the appropriate standard for judicial review. *Id*. at 1342.

Based on the controlling Supreme Court decisions in *Perry* and *Kloeckner*, the Court will conduct the deferential judicial review under § 7703(c) to the extent Ludwick seeks review of the Board's decision finding his appeal untimely and will address the discrimination claim of Ludwick just as it would if it were not combined with the judicial review of the Board's decision.

## IV. JUDICIAL REVIEW OF BOARD DECISION

In this case, the MSPB found Ludwick's appeal to the Board untimely. More specifically, it dismissed the appeal "as untimely with no basis for equitable tolling." Absent equitable tolling, everyone agrees that the appeal was untimely.

While bringing its motion under Fed. R. Civ. P. 12(b)(6), the MSPB argues that the Court should uphold the decision finding Ludwick's appeal untimely because Ludwick's amended complaint fails to allege any basis for setting aside the decision. ECF No. 12 at 5. It then sets out what Ludwick must show to overturn the decision, i.e., the standard set out in § 7703(c), and argues that Ludwick merely alleges that he had submitted sufficient evidence to support equitable tolling. *Id.* It goes on to argue that it committed no reversible error under binding precedent by declining to equitably toll the statutory deadline. *See id*. at 6.

Ludwick argues that he has pled enough facts to support a claim for equitable tolling. *See* ECF No. 15 at 2. He further argues that the Board's decision must be supported by substantial evidence and that he has pled "sufficient facts to support his claim that the evidence before the MSPB clearly proved that [he] is entitled to equitable tolling because of his mental incapacity." *Id*. at 3. He also argues that he is entitled to equitable tolling. *Id*. at 5.

Utilization of Fed. R. Civ. P. 12(b)(6) for matters subject to judicial review creates an unnecessary layer before reaching the matters sought to be reviewed. Ludwick's amended complaint clearly seeks judicial review of the Board's decision. Despite the reliance on Rule 12(b)(6), the matter before the Court on judicial review is whether it should uphold or reverse the Board's decision based on the administrative record. The Court may take arguments from the parties, but the administrative record is what provides the necessary information to conduct its judicial review.

Judicial review of MSPB "decisions is limited." *Bryant v. Dep't of Vet. Affairs*, 26 F.4th 1344, 1346 (Fed. Cir. 2022). Courts "review[] non-discrimination claims presented to the MSPB based on the administrative record 'and will uphold the Merit Systems Protection Board's determi-

nations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law.'" *Williams v. Wynne*, 533 F.3d 360, 373 (5th Cir. 2008) (quoting *Aldrup v. Caldera*, 274 F.3d 282, 287 (5th Cir. 2001) and citing 5 U.S.C. § 7703(c)(1)-(3)). Of course, § 7703(c)(1) also lists "abuse of discretion" as a basis to "hold unlawful and set aside any agency action, findings, or conclusions."

Stated differently, a final decision of the MSPB "must be affirmed unless it is '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Bryant*, 26 F.4th at 1346 (quoting § 7703(c)). Courts review "the Board's legal determinations de novo and its factual findings for substantial evidence." *Id*. And under § 7703, courts must "discard MSPB factfindings 'unsupported by substantial evidence.'" *Zummer v. Sallet*, 37 F.4th 996, 1004 n.12 (5th Cir. 2022) (pet. for cert. filed and docketed Nov. 10, 2022).

Within the meaning of § 7703(c), "[s]ubstantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bonet v. U.S. Postal Serv.*, 712 F.2d 213, 216 (5th Cir. 1983) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981)). A reviewing court "may not reweigh the evidence or substitute its own judgment for that of the Board even if [it] finds that the evidence preponderates against the Board's decision." *Id*. (citing *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir.1980)).

In this instance, the Board found Ludwick's appeal untimely. This finding is not at issue, except to the extent the Board found equitable tolling unwarranted. The Fifth Circuit has "yet to directly decide if illness or mental incapacity justifies equitable tolling," but recognizes that assuming without deciding that "equitable tolling is permitted based on incapacity," the applicability of such tolling is a matter of discretion. *Roe v. United States*, 839 F. App'x 836, 844 (5th Cir. 2020) (per curiam). Further, courts permitting "equitable tolling based on mental illness have done

so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." *Vidal v. Chertoff*, 293 F. App'x 325, 329 (5th Cir. 2008) (per curiam) (quoting *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008)).

In this case, the Board recognized that circumstances may warrant equitable tolling in certain circumstances to excuse untimeliness. ECF No. 1 at 14 (citing *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 95-96 (1990)). And as recognized in *Irwin*, "equitable relief" is extended "only sparingly." 498 U.S. at 96. The Board properly found that equitable tolling was not available due to any failure to inform Ludwick of the deadline or any affirmative misconduct by the VA. *See* ECF No. 1 at 15. And those findings are not at issue in this case.

The Board also considered that equitable tolling may apply when "a physical or mental illness renders the filer incapable of rational thought or deliberate decision making, incapable of handling his own affairs, or unable to function in society." *Id*. (citing *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005); *Barrett v. Principi*, 363 F.3d 1316, 1319 (Fed. Cir. 2004)). The Board recognized Ludwick's diagnosed "depressive disorder" and that the VA hired him "based on a psychiatric disability." *Id*. at 16. It also considered a declaration submitted by Ludwick wherein he discussed his symptoms. *Id*. But the Board found the declaration too vague in particulars of duration, frequency, and specific onsets during the relevant time period. *Id*. at t 16-17.

The Board further recognized that Ludwick's representative had asserted in a non-evidentiary pleading "that between September 1, 2020, and October 25, 2020, [Ludwick] had 'a severe mental episode as a result of his depression,' which 'prevented him from engaging in rational thought or deliberat[e] decision making and rendered him incapable of handling his own affairs and unable to function in society.'" *Id*. at 17. But as the Board explained to Ludwick, the representative's statements "do not constitute evidence" and Ludwick "failed to submit any evidence substantiating his representative's assertions, or providing precise information about exactly when he experienced his symptoms." *Id*. at 17-18. In a footnote, the Board also noted that Ludwick had

"also failed to explain why he did not file his appeal between October 25, 2020, and October 31, 2020." *Id*. at 18 n.4.

Finally, the Board found unpersuasive Ludwick's contention that "the nature of his medical diagnosis alone is sufficient to justify the application of equitable tolling." *Id*. at 18. Not only did Ludwick acknowledge that he successfully completed his two-year trial period with the VA despite his depressive disorder, but a physician averred that throughout his interactions, Ludwick "was rational in his thoughts and able to handle his affairs by going to work and functioning in society." *Id*. Ludwick's administrative representative asserts that, while Ludwick was under the physician's "direct psychiatric care," between September 25, 2020, and October 31, 2020," the doctor averred that he "did not speak to Mr. Ludwick" during that period and therefore could not opine on his mental health at that time or whether "he was capable of filing his appeal." *Id*. at 18 n.5.

Ultimately, Ludwick's failure to provide specifics as to "if and exactly when he was prevented from timely pursuing his appeal due to a medical condition" doomed his efforts to obtain equitable tolling. *Id*. at 18-19. While "sympathetic to [Ludwick's] circumstances," the Board found that the untimely appeal must be dismissed because Ludwick had not carried his burden to establish "a basis for equitable tolling." *Id*. at 19.

Like the Fifth Circuit, this Court will also assume for the sake of argument that the statutory deadline for Ludwick to appeal his termination may be subject to equitable tolling in certain circumstances, including based upon illness or mental incapacity. Even with that assumption, however, the Court finds no basis to overturn the Board's decision. While he was before the Board, Ludwick failed to show that exceptional circumstances warrant equitable tolling based upon his mental condition or any other reason. He did not show that he was institutionalized, adjudged mentally incompetent, or any other exceptional circumstance that would warrant equitable tolling.

Not applying equitable tolling under the circumstances presented to the MSPB is neither arbitrary nor capricious. Nor is there any indication that the MSPB decision was obtained without

following procedures required by law, rule, or regulation. The factual findings are supported by substantial evidence. Because alleged mental incapacity does not mandate equitable tolling, the Court cannot say that the decision finding no basis for equitable tolling is "otherwise not in accordance with law." Consequently, the Court must affirm the Board's decision unless it finds that the Board abused its discretion in failing to apply equitable tolling under the circumstances. The Court, however, finds no such abuse of discretion.

Ludwick argues that "[t]here is no evidence before the MSPB which showed that [he] had the mental capacity to understand he needed to appeal his termination by October 9, 2020." *See* ECF No. 15 at 4. Not only was it Ludwick's burden to show that equitable tolling should be applied, but there was substantial evidence to support the decision not to apply equitable tolling under the circumstances. Ludwick's argument misses the mark.

Having found no basis upon which to hold unlawful or set aside the Board's actions, findings, or conclusions, the Court affirms the Board's decision to find Ludwick's appeal untimely with no basis for equitable tolling. This affirmance completely resolves this action to the extent Ludwick seeks judicial review of the Board's decision.

## V. DE NOVO REVIEW OF DISCRIMINATION CLAIMS

"In a 'mixed case' appeal from the Merit Systems Protection Board, [courts] review de novo discrimination claims raised administratively." *Aldrup v. Caldera*, 274 F.3d 282, 285-86 (5th Cir. 2001). Here, Ludwick brings a discrimination claim under the Rehabilitation Act. But in finding the appeal untimely, the Board did not reach any part of the discrimination claim. The Federal Circuit transferred Ludwick's mixed case to this Court along with the administrative record. *See* ECF No. 1. Although Ludwick has filed an amended complaint, *see* ECF No. 9, he continues to pursue this action as a mixed case. While he neither refers to nor attaches the administrative record to his amended complaint, that record is central to his claim for judicial review. And the Court will not ignore the administrative record when considering the instant motion to dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), the Board seeks dismissal of Ludwick's discrimination claim for Ludwick's failure to exhaust administrative remedies with the EEOC. When addressing a Rule 12(b)(6) motion, the Court may consider "the contents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). The Court finds that the administrative record transferred to this case qualifies as an attachment to the pleadings.

Further, although courts generally do not evaluate affirmative defenses, such as exhaustion, "at the motion to dismiss stage, [such defenses] may serve as the basis for dismissal if the affirmative defense is apparent from the face of the complaint." *Aetna Inc. v. People's Choice Hosp., LLC*, No. SA-18-CV-00323-OLG, 2019 WL 12536914, at *6 (W.D. Tex. Sept. 30, 2019). In the employment context, a failure to exhaust is an affirmative defense. *Melgar v. T.B. Butler Publ'g Co.*, Inc., 931 F.3d 375, 379 n.3 (5th Cir. 2019). Before a federal employee may bring a Rehabilitation Act claim in federal court, "strict procedural requirements with respect to exhaustion of administrative remedies must be fulfilled." *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 303 (5th Cir. Unit A Nov. 1981). And, as recognized in *Prewitt*, "[o]nce administrative remedies have been exhausted . . . an individual is entitled to de novo consideration of his discrimination claims in the district court." *Id*. Additionally, "prior administrative findings made with respect to an employment discrimination claim may be admitted into evidence at the trial de novo." *Id*.

Under *Prewitt*, Ludwick is only entitled to de novo consideration of his discrimination claim after he has exhausted his administrative remedies. And, as shown by the administrative record, the undisputed facts show that Ludwick has not presented his discrimination claim to any agency for administrative review. Although he raised the claim before the Board in his untimely appeal, the untimeliness precluded merit review. Under these facts, Ludwick's lack of exhaustion is apparent from the face of his pleadings including the administrative record.

And, even though, "in the case of discrimination," federal employees "shall have the right

to have the facts subject to trial de novo by the reviewing court" under 5 U.S.C. § 7703(c), such right does not dispense with the exhaustion requirements of the applicable discrimination statutes. Further, conducting a de novo review of the facts under that statute, shows that there is no factual dispute as to whether Ludwick exhausted his administrative remedies with the appropriate agency prior to bringing his claims to this Court.

Ludwick had two opportunities to pursue agency review, and both times, he chose to bypass such review. He first chose to bypass agency review when he filed his untimely appeal with the MSPB on October 31, 2020. After the MSPB initially rejected his appeal, he persisted with his quest for judicial review by filing a petition with review in the Federal Circuit instead of pursuing agency review. Having conducted its judicial review in accordance with § 7703(c), the Court has found no basis to hold unlawful or set aside any Board action, finding, or conclusion. The only remaining matter is Ludwick's discrimination claim, but the original petition for review that arrived in this Court with the administrative record clearly evinces a failure to exhaust. Accordingly, the Court must grant the motion to dismiss Ludwick's discrimination claim based on the failure to exhaust.

Although Ludwick contends that he is entitled to appeal his termination from employment under 38 U.S.C. § 714(c)(4), ECF No. 9 ¶ 1, that provision is expressly "[s]ubject to subparagraph (B) and subsection (d)," *see* 38 U.S.C. § 714(c)(4)(A). Subparagraph (B) directly states that any appeal "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." Thus, any entitlement to appeal his termination under § 714(c)(4) was extinguished when Ludwick missed the deadline and was unable to convince the Board to equitably toll the ten-day period. To the extent Ludwick might have exhausted his administrative remedies by filing his appeal with the MSPB, he failed to make an appropriate initial filing because it was deemed untimely.

## VI. PROPER PARTY

As part of its motion to dismiss and reasserted in its reply brief, the MSPB argues that it is not the proper party to be named. *See* ECF No. 12 at 7; ECF No. 16 at 2. Ludwick disputes the arguments on multiple grounds. *See* ECF No. 15 at 7. Given the Court's resolution of the judicial review and discrimination components of this mixed case, it finds no need to address whether the MSPB is the proper party for this mixed case.

## VII. CONCLUSION

For the foregoing reasons the Court **GRANTS** the Motion to Dismiss (ECF No. 12) filed by Defendant-Respondent Merit Systems Protection Board. With respect to Plaintiff-Petitioner's claim for judicial review, the Court has considered the administrative record under the standards of 5 U.S.C. § 7703(c) and **AFFIRMS** the decision of the Merit Systems Protection Board. With respect to Plaintiff-Petitioner's discrimination claim under the Rehabilitation Act, the Court finds that the face of the pleadings, including the administrative record, conclusively establish a lack of administrative exhaustion with the appropriate agency. The Court thus grants the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on this basis and **DISMISSES** the discrimination claim without prejudice for the lack of exhaustion. By separate document, the Court will issue a Final Judgment to resolve this mixed case in its entirety.

**IT IS SO ORDERED this 27th day of January 2023.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**